UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NAVIGATOR BUSINESS SERVICES LLC,

               Plaintiff,

     v.

AIGUANG CHEN, QIN WEI CHEN, MAO
SHENG REALTY LLC, and JOHN DOES
NOS. 1–5,

               Defendants.

**MEMORANDUM & ORDER**
23-CV-01551 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff asserts claims in this action based on allegations that Defendant Aiguang Chen, while owing a debt to Plaintiff, fraudulently transferred a portion of his membership interest in Defendant Mao Sheng Realty LLC to his son, Qin Wei Chen. ECF No. 1. If Plaintiff prevails on those claims, Plaintiff asks the Court to grant equitable relief setting aside that transfer, thereby returning all of the membership interests back to Aiguang Chen, in addition to awarding damages. *Id.* Plaintiff has moved for a preliminary injunction that would prohibit the Chens from further transferring those membership interests. ECF No. 18. The Court grants Plaintiff's motion for a preliminary injunction because, for the reasons further set forth below, Plaintiff has demonstrated that the equitable relief it seeks through the preliminary injunction is incidental to the equitable relief that Plaintiff ultimately seeks through its fraudulent conveyance claims, and Plaintiff has also shown irreparable harm and sufficient circumstances suggestive of fraud related to Aiguang Chen's transfer of the membership interests to his son. The Court also consolidates this case, pursuant to Rule 42, with the two pending fraudulent conveyance lawsuits that Plaintiff previously filed against Aiguang Chen and other defendants. *See Navigator Business Servs. LLC*

*v. Chen*, No. 21-cv-3948 (E.D.N.Y. filed July 13, 2021); *Navigator Business Servs. LLC v. Chen*, No. 21-cv-4479 (E.D.N.Y. filed Aug. 9, 2021).

## BACKGROUND

Plaintiff commenced a breach of guaranty action in this District in December 2020 against Aiguang Chen and another individual, who is not a party to this case, seeking to collect from Chen a $2.5 million debt that he had guaranteed in 2019. *Navigator Business Servs. LLC v. Chen*, No. 20-cv-6159 (E.D.N.Y. filed Dec. 18, 2020) (ECF No. 1). That lawsuit culminated in the Court granting Plaintiff summary judgment and entering a judgment against Chen in excess of $4.6 million in September 2023. *Id.* (ECF Nos. 52 & 56). While that lawsuit was pending, but before the Court had entered a judgment against Chen, Plaintiff brought three lawsuits, including this case, asserting fraudulent conveyance claims against Chen and his family members and business partners.

In the first fraudulent conveyance action, filed in July 2021, Plaintiff alleged that Chen had been discussing with a new lender the possibility of refinancing the loan to Plaintiff that Chen had guaranteed. *Navigator Business Servs. LLC v. Chen*, No. 21-cv-3948 (E.D.N.Y. filed July 13, 2021) (ECF No. 1). Within days after that potential refinancing fell apart, Plaintiff alleges that Aiguang Chen transferred his home to Qin Wei Chen and transferred his share of an investment property in Queens to another individual with whom Aiguang Chen co-owned the property, each for no consideration. *Id.* Plaintiff alleged in the second fraudulent conveyance action, filed in August 2021, that Aiguang Chen transferred another property in Queens to his former wife for no consideration at approximately the same time that he transferred the other two properties. *Navigator Business Servs. LLC v. Chen*, No. 21-cv-4479 (E.D.N.Y. filed Aug. 9, 2021) (ECF No. 1).

2

Plaintiff moved for a preliminary injunction in each of its first two fraudulent conveyance lawsuits and sought to prohibit the defendants in those lawsuits, including Aiguang Chen, from further transferring the properties at issue. *Navigator Business Servs. LLC v. Chen*, No. 21-cv-3948 (E.D.N.Y. filed Oct. 18, 2021) (ECF No. 25). Judge Donnelly, who previously presided over those fraudulent conveyance cases, granted that preliminary injunction in part. *Id.* (ECF No. 33). She enjoined the defendants from further transferring two of the three properties at issue, holding that Aiguang Chen's transfer of those properties to family members and a business partner within days of unsuccessfully refinancing a defaulted loan was sufficiently suggestive of fraud and, therefore, demonstrated that Plaintiff was likely to succeed on the merits of its fraudulent conveyance claims. *Id.* She further held that the circumstances suggested that Aiguang Chen made these transfers for the purpose of dissipating assets to frustrate Plaintiff's collection of Chen's guaranty, which constituted irreparable harm. *Id.* However, since Plaintiff had proposed for the third property at issue permitting the defendants to sell it subject to placing the sale proceeds in escrow, Judge Donnelly held that injunctive relief was inappropriate for that property. *Id.*

## FINDINGS OF FACT

Plaintiff commenced this lawsuit, its third fraudulent conveyance action, in February 2023. ECF No. 1. Aiguang Chen initially owned 100% of the membership interests in a single-purpose entity, Mao Sheng Realty, LLC, that owns a fourth property in Queens as its only significant asset. ECF No. 18-1 ¶ 22; ECF No. 19-2. Aiguang Chen transferred 90% of his membership interest in that company to Qin Wei Chen in August 2020, several months after the loan to Plaintiff had matured without Aiguang Chen having paid his guaranty. ECF No. 19-2. The agreement related to the transfer says that Qin Wei Chen received the transfer as a "gift" and

paid Aiguang Chen $10 of consideration, despite Aiguang Chen's assertion in a declaration made under penalty of perjury that the property that Mao Sheng Realty owns is worth $4.3 million. ECF No. 19-2; ECF No. 19-1 ¶ 18. The date that Aiguang Chen transferred his membership interest is the same date that another company he owned had allegedly defaulted on a forbearance agreement reached in connection with an $18 million loan owed to a non-party to this case, which Chen had also guaranteed. ECF No. 20 ¶ 3. That loan is the subject of litigation in Queens County Supreme Court, in which the lender is seeking to foreclose on a mortgage secured by the loan and has named as defendants both Aiguang Chen, as a guarantor of the loan, and Plaintiff, as a junior lienholder for the property at issue. *BK 38th Lender LLC v. SH 168, LLC*, No. 725426/2020 (N.Y. Sup. Ct. Queens Cty. filed Dec. 30, 2020) (NYSCEF No. 1).[1] That lawsuit has been stayed because the borrower entity, which is not a party to this case, has commenced a Chapter 11 bankruptcy proceeding. *Id.* (NYSCEF Nos. 183, 185).

## LEGAL STANDARD

A party seeking a preliminary injunction must establish: "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022).[2] "[A] preliminary injunction is an extraordinary remedy never awarded as of right." *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018). Instead, a preliminary injunction "should not be granted

---

[1]     The Court may take judicial notice of dockets from other courts' proceedings because they are public records. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

[2]     Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

unless the movant, by a *clear showing*, carries the burden of persuasion." *Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*, No. 22-cv-6943, 2022 WL 17811475, at *2 (E.D.N.Y. Dec. 18, 2022) (emphasis in original). "The purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward." *Trump v. Int'l Refugee Assistance Proj.*, 582 U.S. 571, 580 (2017).

## DISCUSSION

### I.     The Court Grants Plaintiff's Motion for a Preliminary Injunction

Plaintiff is entitled to seek a preliminary injunction against Defendants' further transfer of assets because Plaintiff is asserting claims for equitable relief even though the genesis of the parties' several disputes is Aiguang Chen's failure to pay a loan that he guaranteed. The Supreme Court has held that if a plaintiff brings a legal claim that seeks only money damages— such as a breach of contract or breach of guaranty claim—then a court may not enter a preliminary injunction prohibiting a defendant from transferring assets in a manner designed to frustrate the collection of an eventual judgment. *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). The Second Circuit has interpreted this prohibition, however, to apply only to "a preliminary injunction to prevent the defendant from transferring assets *in which no lien or equitable interest is claimed*." *Gucci Am., Inc. v. Li*, 768 F.3d 122, 130 (2d Cir. 2014) (emphasis added). A plaintiff may, therefore, obtain a preliminary injunction against the defendant's further transfer of assets "where the plaintiff is pursuing a claim for final equitable relief." *Id.* at 131.

Multiple courts in this District, including Judge Donnelly in Plaintiff's earlier fraudulent conveyance cases, have held that entering a preliminary injunction is permissible when a plaintiff, through a fraudulent conveyance claim, seeks to set aside a defendant's allegedly fraudulent conveyance. *Navigator Bus. Servs. LLC v. Chen*, No. 21-cv-3948, at *4–5 (E.D.N.Y.

Feb. 7, 2022) (ECF No. 33); *Dong v. Miller*, No. 16-cv-5836, 2018 WL 1445573, at *9–10 (E.D.N.Y. Mar. 23, 2018) (holding that an injunction was not justified for certain of plaintiff's fraudulent conveyance claims because they sought only money damages, rather than demanding that the conveyances be set aside).  Here, Plaintiff asserts multiple causes of action under New York's Uniform Voidable Transfer Act, which seek to set aside Aiguang Chen's transfer of his membership interest to Qin Wei Chen on various grounds.  ECF No. 1.  Plaintiff is not simply seeking damages that it incurred as a result of the allegedly fraudulent conveyances.  *Id.*  The Court is, therefore, authorized to enter a preliminary injunction that comports with *Grupo Mexicano*.

Plaintiff has satisfied its burden of demonstrating irreparable harm.  Irreparable harm exists and, therefore, "injunctive relief is proper" if a defendant's "assets may be dissipated before final relief can be granted" or a defendant "threatens to remove its assets from the [C]ourt's jurisdiction."  *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2019 WL 4015170, at *12 (E.D.N.Y. July 5, 2019), *report and recommendation adopted in full*, 2019 WL 3712127 (E.D.N.Y. Aug. 7, 2019) (finding irreparable harm and granting preliminary injunction against defendants' further transfer of assets while plaintiff's fraudulent conveyance claims were pending).  Although Aiguang Chen has filed a declaration that disclaims "any intention to hide assets" or to "transfer assets out" of the Court's jurisdiction, he simultaneously complains that a preliminary injunction "will detrimentally prevent me and my son from selling our membership interests in Mao Sheng Realty."  ECF No. 19-1 ¶¶ 12, 16.  Chen, therefore, concedes that Defendants wish to further transfer the assets that Plaintiff seeks to enjoin.  Additionally, Judge Donnelly has already ruled that Aiguang Chen transferred two parcels of real property under circumstances suggestive of fraud, thereby establishing a pattern of apparently fraudulent

6

conveyances and increasing the likelihood that Chen and his son will attempt further to transfer their membership interests in Mao Sheng Realty in the future.  *Navigator Business Servs*, No. 21-cv-3948, at *9–12 (ECF No. 33).

Plaintiff has also established a likelihood of success on its fraudulent conveyance claims. Plaintiff has asserted claims alleging that Aiguang Chen transferred his membership interest with both the actual intent to defraud Plaintiff's collection of his guaranty and under circumstances that amount to constructive fraud, in violation of Sections 273 and 274 of New York's Debtor and Creditor Law.  ECF No. 1.  The Court need only consider Plaintiff's claims of intentional fraud because "to obtain a preliminary injunction, a party need only demonstrate likelihood of success on one claim against each defendant."  *Stellar Beach Rentals, LLC v. Redstone Advance, Inc.*, No. 23-cv-955, 2023 WL 4421809, at *3 (S.D.N.Y. July 8, 2023).  "Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, [Plaintiff] is allowed to rely on 'badges of fraud,' *i.e.*, circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent.  Badges of fraud may include, *inter alia*, a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance."  *Ray v. Ray*, 799 F. App'x 29, 32 (2d Cir. 2020).

There are sufficient badges of fraud here to show that Plaintiff is likely to succeed on its claims that Aiguang Chen transferred his membership interest in Mao Sheng Realty to his son with the actual intent to defraud Plaintiff and his other creditors.  As with the transfers of properties that Judge Donnelly enjoined Aiguang Chen and his co-defendants from further transferring, Chen here transferred his membership interest to a family member for nominal

consideration that was vastly disproportionate to the value of the company's assets. *Navigator Business Servs.*, No. 21-cv-3948, at *11 (ECF No. 33). Aiguang Chen also made the transfer while he owed a significant debt to Plaintiff through his guaranty and on the same day that his company defaulted on an even larger debt to a non-party, which Chen had also guaranteed. ECF No. 20 ¶ 3. Additionally, Chen's declaration makes clear that he and his son are still working in tandem to make decisions about refinancing and potentially selling the property that Mao Sheng Realty owns, which suggests that Chen has not functionally given up control of the company despite nominally conveying 90% of his membership interest to his son. *See* ECF No. 19-1.

In response to these circumstances suggestive of fraud, Aiguang Chen has simply asserted that he transferred his membership interest to his son for unspecified "estate planning reasons" and to use his son's "good credit" to refinance the mortgage on the property that Mao Sheng Realty owns. ECF No. 19-1 ¶¶ 8–10. Judge Donnelly found unpersuasive similarly cursory "estate planning" explanations by Chen, and the Court finds them unpersuasive as well. *Navigator Business Servs.*, No. 21-cv-3948, at *11–12 (ECF No. 33). The Court therefore finds that Plaintiff is likely to succeed on the merits of its fraudulent conveyance claims against the Chens.

The remaining requirements for a preliminary injunction are satisfied. Although "[t]his case is a dispute among private parties and does not meaningfully implicate the public interest," a preliminary injunction "would aid the public interest" at least somewhat because "[t]here is hardly a conceivable public interest in enabling Defendant[ Aiguang Chen] to evade [his] creditors." *Dong*, 2018 WL 1445573, at *13 (granting preliminary injunction against further transfer of membership interest in company that owned real estate). The balance of the hardships also favors Plaintiff because, despite Defendants' argument to the contrary, Plaintiff would

8

"suffer cognizable harm if [Defendants] are allowed to continue moving assets beyond [Plaintiff's] reach," and Defendants have offered only conclusory arguments about how an injunction "would harm their business or livelihoods."  *Id.*

Rule 65 requires a court that grants a preliminary injunction to order the moving party to "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Courts have wide discretion on whether to require the posting of a security upon issuance of a temporary restraining order or preliminary injunction, and the amount thereof." *Chanel, Inc. v. Lin*, No. 23-cv-2004, 2023 WL 2574946, at *4 (S.D.N.Y. Mar. 20, 2023). Accordingly, "it has been held proper for [a] court to require no bond where there has been no proof of likelihood of harm."  *DJ Direct, Inc. v. Margaliot*, 512 F. Supp. 3d 396, 422 (E.D.N.Y. 2021) (declining to require a bond for preliminary injunction).  Defendants have argued that Plaintiff should be required to post a bond of $5 million if a preliminary injunction is granted. ECF No. 19 at 8.  Defendants calculated this amount based on their assertion that the property owned by Mao Sheng Realty, which they would effectively be deprived of their right to sell, is worth $4.3 million, and the monthly mortgage and tax payments are approximately $15,400.  *Id.* The Court agrees with Judge Donnelly's prior decision that "[p]aying the taxes, mortgage, and insurance for a property is not a hardship" that would require Plaintiff to post a bond.  *Navigator Business Servs.*, No. 21-cv-3948, at *14 (ECF No. 33).   The Court therefore declines to order Plaintiff to post a bond in this case.

## II.    The Court Consolidates Plaintiff's Three Fraudulent Conveyance Cases

Rule 42 permits the Court to consolidate cases that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (holding

that final judgment in one of multiple consolidated cases was immediately appealable).  The Court may even consolidate cases *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Plaintiff's three fraudulent conveyance cases satisfy the criteria for consolidation.  All of them arise from transfers made by Aiguang Chen that were allegedly designed to frustrate his guaranty to Plaintiff, and both Aiguang Chen and Plaintiff are parties to all three cases. Although the two earlier-filed cases were filed approximately 18 months before this case, discovery in those cases appears not to have meaningfully advanced since Judge Donnelly's preliminary injunction decision, so this case is actually the most advanced of any of the three cases with respect to discovery.  Coordinating the remaining discovery and motion practice in all three cases will, therefore, not prejudice the parties.

Plaintiff shall file on or before November 17, 2023, a consolidated amended complaint that asserts its claims against all of the defendants in each of the three fraudulent conveyance actions in a single complaint.  Plaintiff shall not add to that consolidated complaint new claims not contained in Plaintiff's currently-operative complaints without seeking leave of the Court by filing a pre-motion letter that complies with Section IV.A of the Court's Individual Practices. The Court will issue a separate order soliciting from all parties in the consolidated cases a case management plan for the completion of discovery in all three cases according to a unified schedule.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's motion for a preliminary injunction.  ECF No. 18.  The Court also *sua sponte* consolidates this case with *Navigator Business Services LLC v. Chen*, No. 21-cv-3948 (E.D.N.Y. filed July 13, 2021), and *Navigator*

10

*Business Services LLC v. Chen*, No. 21-cv-4479 (E.D.N.Y. filed Aug. 9, 2021).  Plaintiff shall

file a consolidated amended complaint on the docket for this case on or before November 17,

2023, as further described in this order, and the parties shall make all future filings on the docket

for this case.  The Court respectfully directs the Clerk of Court to close Case Nos. 21-cv-3948

and 21-cv-4479.

       SO ORDERED.

                          */s/ Hector Gonzalez*
                          HECTOR GONZALEZ
                          United States District Judge

Dated:  Brooklyn, New York
       November 8, 2023